Norman **HERALY**, Plaintiff,

v.

**VICTOR PRODUCTS CORPORATION,
a Maryland Corporation, Defendant.**

**Civ. A. No. 65–C–104.**

United States District Court
E. D. Wisconsin.

April 12, 1968.

**352**

Irvin B. Charne and Donald S. Taitelman, Milwaukee, Wis., for plaintiff; William J. Duffy, Green Bay, Wis., of counsel.

Peter W. Bunde and Norman L. Winn, Milwaukee, Wis., for defendant; Richard F. Cadigan, Baltimore, Md., of counsel.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

REYNOLDS, District Judge.

This is an action for personal injuries commenced April 19, 1965. Plaintiff alleges that he was injured as a result of an explosion occurring in a vending machine manufactured by defendant. Plaintiff is an employee of a bottling company which purchased some vending machines from defendant. The vending machine in question was of a type that dispensed soft drinks into a paper cup. The soft drinks are held under pressure from carbon dioxide until they are dispensed. It is alleged that the carbon dioxide regulator which was attached to the new machine as sold by Victor Products was of the wrong type. The explosion allegedly occurred when the plaintiff opened the carbon dioxide valve to allow the pressure to enter tanks where the soft drinks are stored.

Defendant has moved to dismiss the complaint on the grounds that 1) defendant was not and is not subject to service of process within the Eastern District of Wisconsin; and 2) the defendant was not properly served with process under Chapter 262 of the Wisconsin Statutes; and 3) the Court has no jurisdiction over the defendant.

It is conceded by both sides that Victor Products is a Maryland Corporation and does not have a certificate of authority to transact business in Wisconsin. Service of process therefore was made by the plaintiff upon the Secretary of State pursuant to Wis.Stats. Sections 262.06 (5) (c) and 180.847(4) and in accordance with F.R.Civ.P. 4(d) (7).

The prime issue before this Court is whether the defendant Victor Products, Inc. was doing business in Wisconsin so that service pursuant to the statutes was effective to give this court jurisdiction of this case.

In considering the question of whether a foreign corporation was doing business within a state, courts view the number, type and significance of contacts a foreign corporation has with the host state.

In the instant case, Victor Products maintains no office or agency in Wisconsin. Instead, it employs salesmen who travel about the state contacting potential customers. These salesmen are

also available to give technical advice to their customers and at times they have been known to make or assist in making on the spot repairs of vending machines for their customers. Defendant's affidavits also show that sales representatives do carry some small parts for vending machines with them for use in making minor repairs. Mr. Sitek, Jr., in his affidavit in support of the motion to dismiss states that he is a sales representative of Victor Products and he is assigned to cover a multi-state area including the State of Wisconsin. His affidavit further states that he is authorized to accept verbal orders from customers in Wisconsin but all such orders are subject to approval by the home office in Hagerstown, Maryland. The defendant has filed a number of affidavits signed by managers of various soft drink concerns which consistently state that they were never informed that any order that was placed by them was subject to approval outside the State of Wisconsin. The affidavits filed by both parties agree that Victor Products representatives solicit their business by personal call on a monthly basis. Victor Products has maintained this policy of continuous and regular solicitations of business for well over five years.

Defendant puts its principal reliance upon the allegation that all contracts negotiated by its sales representatives are "subject to home office approval" before they become binding. This concept is a legal fiction at best. The plaintiff has demonstrated through various affidavits that some of the defendant's customers feel that no such prerequisite exists or if it does, they are not aware of it after dealing with the defendant company for a period of years. In response to the plaintiff's interrogatory regarding the number of contracts that have been rejected by the home office the defendant answered that no record is kept of this nature.

This court is impressed with the fact that defendant's sales representatives do more than solicit business on a regular and systematic basis in Wisconsin. They are more than "walking catalogs" of defendant's products. They aid and instruct the customer's vendor repairmen. They will aid their customers to set up and maintain a workable vendor repair program. The sales representatives sell small parts which they carry with them directly to the customer without the necessity of home office confirmation.

The Wisconsin long arm statutes have been liberally construed to provide a forum for Wisconsin residents who have been injured through the negligence of foreign corporations. Huck v. Chicago, St. P., M. & O. R. Co., 4 Wis.2d 132, 90 N.W.2d 154 (1957). The federal cases which have decided whether a foreign corporation is doing business within a state to the extent necessary to make it amenable to suit therein have tended to favor the concept of jurisdictional expansion. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The McGee case, although limited in its application to the insurance field, is nevertheless indicative of the broadened scope of the due process clause in reference to jurisdictional questions.

Courts should determine whether a foreign corporation is doing business within a state for purposes of service of process in the illuminating light of commercial actuality.

This court is aware also of the rule that federal courts are bound by the state's interpretation of its service of process statutes and that language of such statutes is to be given broad construction when a jurisdictional question arises. Bramlett v. Arthur Murray, Inc., D.C., 250 F.Supp. 1011 (1966). With these factors in mind this court finds that the defendant had sufficient contacts with this state so that it is amenable to service of process by the methods prescribed by the Wisconsin Statutes for foreign corporations.

For the foregoing reasons the defendant's motion to dismiss should be and hereby is denied.