**TELEPHONE SYSTEMS, INC., an Iowa corporation, Plaintiff,**

v.

**Robert H. KEATING and Central Communications Corporation, a Wisconsin corporation, Defendants.**

**No. 69–C–620.**

United States District Court,
E. D. Wisconsin.

Feb. 17, 1970.

**934**

Foley & Lardner, by John R. Collins and Robert A. Christensen, Milwaukee, Wis., for plaintiff.

Whyte, Hirschboeck, Minahan, Harding & Harland, by Richard C. Ninneman, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss this action on the ground that the plaintiff is a foreign corporation doing business in Wisconsin without a license. The underlying action is for an alleged breach of contract.

Wis.Stat. § 180.801 provides in part that a "foreign corporation shall procure a certificate of authority * * * before it transacts business in this state." Another provision, Wis.Stat. § 180.847 (1), states in part:

> "No foreign corporation transacting business in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall be permitted to maintain or defend a civil action or special proceeding in any court of this state * * *."

The defendants charge that the plaintiff, an Iowa corporation, has been doing business in Wisconsin without the prerequisite certificate of authority and thus cannot maintain this action.

Since it is conceded that the plaintiff does not have the certificate of authority, the issue now before the court is whether one is required. We must decide whether the plaintiff was transacting business in Wisconsin as that expression is used in the relevant portions of the statutes.

The plaintiff, in a registration statement (No. 234882, p. 3), filed with the Securities and Exchange Commission, made the following statements as to its business activities:

> "TSI is primarily engaged in the business of acquiring and operating, as a holding company, controlling interests in telephone companies.

> "TSI, through 13 operating subsidiaries, conducts telephone operations in Wisconsin and, through one operating subsidiary, conducts telephone operations in Minnesota. In addition, TSI organized and owns all the stock of a telephone service and supply company.

> "TSI provides the operating telephone companies in the System with general accounting services, managerial and financial supervision and assistance, and the services of specialists in engineering, marketing and rate cases."

The activities described above bring the plaintiff under another provision of the statutes, Wis.Stat. § 226.-025(1), which provides:

> "Within the meaning of this chapter, every foreign corporation shall be deemed to be doing business within the state if, directly or indirectly, through agents, trustees or any other means, it furnishes to any affiliated public utility for use in intrastate operations in this state, any or all of the following: (a) Any managerial, supervisory, engineering, legal, accounting or financial service; (b) any equipment, facilities or commodities, by sale, lease, exchange, conveyance, license or similar arrangement."

Although the above provision, by its express terms, is related to Chapter 226, Wis.Stats., I believe that it also is applicable to the case at bar. There is no reason to believe the legislature would apply a different definition under Chapter 180, Wis.Stat.

There are other indications, also, that the plaintiff was doing business in Wisconsin, under Chapter 180, at the time the action was brought. Affidavits of both sides demonstrate that some of the negotiations which led to the contract in dispute were conducted in Wisconsin. In addition, Mr. Keating, one of the defendants, affixed his signature to the contract in Wisconsin.

■ Since the obligation which is being sued upon here arose out of activities which occurred partly within the state of Wisconsin, the plaintiff cannot be heard to say that it was not doing business in Wisconsin. International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

*International Shoe* concerned itself with the problem of jurisdiction, but the Supreme Court has spoken on the relationship of the different uses of the phrase "doing business". In Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952), the court said in regard to jurisdiction:

"The corporate activities of a foreign corporation which, under state statute, make it necessary for it to secure a license and to designate a statutory agent upon whom process may be served provide a helpful but not a conclusive test."

■ I believe that the jurisdiction test is helpful, but not necessarily conclusive. However, by applying various tests, I find that the plaintiff must be found to have transacted business in Wisconsin as that expression is used in Wis.Stat. §§ 180.801 and 180.847(1).

The plaintiff meets the test of Wis. Stat. § 226.025 and *International Shoe.* Also, under the test applied by this court

to a holding company in Handlos v. Litton Industries, Inc., 304 F.Supp. 347 (E.D.Wis.1969), I find that the plaintiff qualifies once more. That case dealt with questions of venue and jurisdiction. Sound public policy suggests that a company which owns all or a majority of the stock of a subsidiary may, in appropriate circumstances, be found to be doing business in the state where the subsidiary operates. Steinway v. Majestic Amusement Co., 179 F.2d 681, 683, 18 A.L.R.2d 179 (10th Cir. 1949).

In an unpublished opinion in Fond du Lac Plaza, Inc. v. Reid (No. 66–C–132 E.D.Wis. July 23, 1969), this court found that an Indiana corporation which was organized for the sole purpose of operating a shopping center in Wisconsin had its "principal place of business" in Wisconsin, even though the contact with Wisconsin was minimal. The test for "principal place of business" under 28 U.S.C. § 1332(c) is certainly more rigid than that for "doing business" under Wis.Stat. § 180.801.

For the reasons set out above, I find that the plaintiff was transacting business in Wisconsin within the meaning of Wis.Stat. §§ 180.801 and 180.847(1), and therefore it is foreclosed from pursuing this action until compliance with state prerequisites is forthcoming.

■ Since the case could not be brought in the state courts of Wisconsin, it cannot be brought in the federal court as a diversity action either. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed., 1188 (1938); Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1944).

Therefore, it is hereby ordered that the defendants' motion to dismiss be and hereby is granted without prejudice.