**MODERN CYCLE SALES, INC.,**
**Plaintiff,**

v.

**BURKHARDT–LARSEN COMPANY,**
**Defendant.**

**Civ. A. No. 74–C–93.**

United States District Court,
E. D. Wisconsin.

July 8, 1975.

Matthew H. Quinn, Racine, Wis., for plaintiff.

Thomas W. St. John, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action arises out of an alleged breach of an exclusive franchise agreement entered into by Modern Cycle Sales, Inc. (hereinafter "Modern Cycle"), a Wisconsin corporation, and Burkhardt-Larsen Company (hereinafter "Burkhardt-Larsen"), a Minnesota corporation. The agreement, which designated Modern Cycle the exclusive dealer of defendant's snowmobiles in Kenosha County, Wisconsin, was entered into on July 24, 1969. On February 15, 1974, plaintiff, claiming that defendant failed to perform the contract, commenced this action in the Circuit Court of Kenosha County, Wisconsin. Plaintiff served defendant pursuant to § 180.847(4) of the Wisconsin Statutes by personally serving the Secretary of State and mailing a copy of the summons and complaint to the defendant in Minnesota. Thereafter the action was removed to this court on the basis of diversity of citizenship, and no attempt has ever been made to remand the action.

On April 15, 1974, the defendant moved to dismiss the action pursuant to Rule 12(b)(2) and (4) of the Federal Rules of Civil Procedure on the following grounds: (1) lack of personal jurisdiction over defendant Burkhardt-Larsen, and (2) insufficiency of the service of process by mail. Plaintiff served interrogatories concerning defendant's activities within this state, and based on defendant's answers to the interrogatories, plaintiff has moved to quash defendant's motion to dismiss. For the reasons stated herein, defendant's motion to dismiss is denied.

### I. *Personal Jurisdiction*

■ Defendant contends that it has had insufficient contact with the forum to justify this court's assertion of personal jurisdiction over it pursuant to the Wisconsin long-arm statute, § 262.05, Wis.Stats. (1971). Personal jurisdiction in this action exists by virtue of § 262.-05(1)(d) which provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

"(1) Local presence *or* status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

\*   \*   \*·   \*   \*   \*

"(d) Is engaged in substantial and not isolated activities within this

state, whether such activities are wholly interstate, intrastate, or otherwise." (Emphasis added.)

This subsection contemplates a requirement similar to that of "doing business" within the state which requires not just an isolated transaction but "substantial" activities which are "continuous and systematic." *Travelers Ins. Co. v. George McArthur & Sons*, 25 Wis.2d 197, 130 N.W.2d 852 (1964); Revision Notes, 30 W.S.A. (1975 pocket part at 32) § 262.-05. Consequently, the court must look to the nature of defendant's activities in Wisconsin to determine whether they constitute "substantial and not isolated activities" within the meaning of § 262.-05(1)(d). This determination must, of course, be made in the light of due process requirements. *Nagel v. Crain Cutter Co.*, 50 Wis.2d 638, 184 N.W.2d 876 (1971).

Defendant's activities within the State of Wisconsin are set out in its answers to plaintiff's interrogatories. The answers to the interrogatories establish the following:

1. Defendant presently has no resident employees in the State of Wisconsin.

2. For the years 1969, 1970, 1971, 1972, 1973, and continuing until February 8, 1974, defendant employed a number of Wisconsin residents as either salesmen or truck drivers. The salesmen were paid a salary plus a commission, and the truck drivers were paid by the mile.

3. Sales made within the State of Wisconsin by the defendant were as follows:

   A. For the year ending December 30, 1969—$4,241,114;

   B. For the year ending December 30, 1970—$9,385,126;

   C. For the year ending December 30, 1971—$12,931,577;

   D. For the year ending December 30, 1972—$10,137,683;

   E. For the year ending December 30, 1973—$4,674,279; and

   F. From October 1, 1973 to April 30, 1974—$2,698,707;

and the total sales for the six-year period exceeded $44,000,000.

4. Approximately 45 percent of these sales were made within the State of Wisconsin in 1969, 1970, 1971, 1972, and 1973, while sales in 1974 were accepted in Minnesota.

5. At present, defendant still employs two salesmen, residents of Minnesota, who solicit orders in Wisconsin.

6. From 1969 and continuing to the present, defendant sells and ships merchandise to 253 coded Wisconsin retail dealers in this state.

7. Defendant sells and ships parts and accessories in the State of Wisconsin on special order.

8. Defendant does not own any real or personal property in the State of Wisconsin and has no interest in any Wisconsin corporations.

9. Defendant employed a Wisconsin resident, George Hook, as a salesman in Wisconsin from 1969 to 1974 (Hook was terminated on January 15, 1974, shortly before commencement of this action in February 1974). Hook was the employee of defendant who negotiated the contract with plaintiff.

In addition to the interrogatories, the affidavit of Albert Mengo, president of the plaintiff corporation, and the exclusive franchise agreement itself establish that the franchise agreement was signed by Mr. Mengo for Modern Sales and accepted by George Hook, an employee of the defendant in the State of Wisconsin. Mengo's affidavit also states that the negotiations which led to the signing of the contract took place in Kenosha County, Wisconsin. The affidavit further states that defendant honored the contract for a period of time and delivered snowmobiles to the plaintiff in Wisconsin.

In determining whether a basis for personal jurisdiction exists under § 262.05(1)(d), a court must consider: (1) the quantity of contacts, (2) the na-

ture and quality of the contacts, (3) the source of the cause of action, (4) the interests of the State of Wisconsin, and (5) the convenience of the parties. *Zerbel v. H. L. Federman & Co.*, 48 Wis.2d 54, 179 N.W.2d 872 (1970); *Nagel v. Crain Cutter Co.*, 50 Wis.2d 638, 184 N. W.2d 876 (1971). The court must weigh these various factors, and the essential question becomes the reasonableness of subjecting the particular nonresident defendant to Wisconsin litigation. *Nagel v. Crain Cutter Co.*, supra.

■ Applying this analysis to the circumstances of this case, this court concludes that defendant Burkhardt-Larsen is "engaged in substantial and not isolated activities" within the State of Wisconsin and is therefore subject to personal jurisdiction. The first factor to be considered is the quantity of contacts. An examination of defendant's answers to the interrogatories reveals numerous contacts with the State of Wisconsin covering a six-year period. The contacts include employment of a number of Wisconsin residents and sales within the state in excess of $44,000,000.

The second factor is the quality and nature of the contacts. Again, a review of the answers to plaintiff's interrogatories reveals that defendant's contacts were systematic and continuous over a six-year period. Over this six-year period, defendant was operating a substantial sales force within the state and selling products to over 253 retail dealers in Wisconsin. In addition, it was defendant who initiated these numerous transactions within this state. The record shows that defendant entered this state and transacted a substantial business. Defendant has established a substantial and continuing relationship with this state, such that it is reasonable to require him to litigate in the Wisconsin courts. From this activity this court concludes that defendant has "purposefully" availed "itself of the privilege of conducting activities * * * [in Wisconsin], thus invoking the benefits and protections of its laws." *Hanson v.*

*Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

The third factor to be considered is the source of plaintiff's cause of action. In the present case the exclusive franchise agreement is the source of plaintiff's cause of action. As noted previously, the exclusive franchise agreement was negotiated and accepted in this state by an employee of the defendant, George Hook. Therefore, contrary to defendant's contention, plaintiff's cause of action arises out of and is derived from defendant's activities in the forum. Thus, unlike the situation in *Nagel v. Crain Cutter Co.*, 50 Wis.2d 638, 184 N.W.2d 876 (1971), plaintiff's cause of action is related to defendant's activities in the State of Wisconsin.

The fourth factor to be considered is the interest of the State of Wisconsin. As stated in *Zerbel v. H. L. Federman & Co.*, 48 Wis.2d 54, 66, 179 N.W.2d 872, 878 (1970):

" * * * Wisconsin has a definite interest in providing a forum for its citizens and in some cases this has been given weight. * * * "

Although there is no "special interest" of the state in this action as there was in *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), where defendant engaged in a course of conduct with residents of this state, the interest of the state becomes a compelling factor although alone, it is insufficient to sustain an exercise of personal jurisdiction. Finally, the convenience of the parties is normally accorded weight only in support of a decision declining the exercise of personal jurisdiction. Even so, an "estimate of the conveniences" favors plaintiff's choice of forums in this case.

Weighing all of these factors, this court believes that defendant is "engaged in substantial and not isolated activities" within this state, and that subjecting this particular nonresident defendant to litigation in this state is more than reasonable in light of his course of contacts with this forum.

Defendant contends that only its activities *at the time of the commencement of the action* can be considered in determining whether defendant was "engaged in substantial and not isolated activities" within the state and, consequently, that personal jurisdiction does not exist under § 262.05(1)(d). This action was commenced on February 15, 1974. The employment by defendant of resident salesmen ended with the termination of Paul D. Jones on February 8, 1974, seven days prior to the commencement of the action. At the time the action was commenced, defendant claims that its only contact with the State of Wisconsin was the activities of the two nonresident salesmen who solicited orders in the state and its shipment of merchandise to the 253 retail dealers in Wisconsin. Defendant contends that this contact is merely the shipping of goods into the state, and that standing alone, this activity is insufficient to establish that defendant has engaged in "substantial and not isolated activities" within the state. Essentially, defendant contends, and this court disagrees, that defendant's prior activity and connection with the state is irrelevant to the pending motion and cannot be considered by the court.

In order to determine whether a particular nonresident defendant is "doing business" within this state, which requires a finding that defendant's activities are "continuous and systematic" rather than "isolated," the court must consider defendant's overall activities within the state, past and present. Without reference to prior activities, the court would be unable to determine whether any contact with the state was "isolated" or "continuous." Essentially, defendant requests this court to determine the substantiality of contacts in isolation and at a precise and fixed point in time. However, in this action defendant's entire association with the state establishes a course of conduct and business relationship with the State of Wisconsin, of which the present activities are merely a part or continuation.

In addition, defendant voluntarily entered this state, and while conducting other similar and substantial activities negotiated and consummated a contract with a Wisconsin resident. Under these circumstances, this Court does not believe that it is unreasonable to subject defendant to suit in the courts of this state, and defendant should have anticipated Wisconsin litigation if any breach of the contract occurred.

## II. *Service of Process Pursuant to § 180.847(4)*

While *grounds* for personal jurisdiction exist in this action under § 262.05(1)(d), sufficient service of process is required in order to effectually *exercise* personal jurisdiction over any defendant. Thus, defendant contends that even in the face of grounds for personal jurisdiction, plaintiff's service by mail under the provisions of § 180.847(4) was insufficient and consequently is not a valid *exercise* of personal jurisdiction over this nonresident defendant.

As noted previously, plaintiff served defendant pursuant to § 180.847(4) of the Wisconsin Statutes. Section 180.847(4) provides in part:

"(4) A foreign corporation transacting business in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall by so doing be deemed to have thereby appointed the secretary of state as its agent and representative upon whom any process, notice or demand may be served in any action or proceeding arising out of or relating to any business so transacted within this state. Service of such process, notice or demand shall be made by serving a copy upon the secretary of state or by filing such copy in his office, and such service shall be sufficient service upon said foreign corporation, provided that notice of such service and a copy of the process, notice or demand are within 10 days thereafter sent by mail by the plaintiff to the defendant at its last known address, and that the

plaintiff's affidavit of compliance herewith is appended to the process, notice or demand. * * * "

It is undisputed that defendant was not registered as a foreign corporation doing business within the state. In addition, service was made according and pursuant to Chapter 180 by serving a copy of the summons and complaint upon the Secretary of State and mailing a copy to defendant in Minnesota. Nor can defendant deny receiving a copy of the summons and complaint in Minnesota. Therefore, the issue before this court is whether the defendant Burkhardt-Larsen was "transacting business" in the State of Wisconsin so that service pursuant to this statute was an effective exercise of this court's personal jurisdiction over the defendant.

The test of "transacting business" under this statute is essentially the same test of "doing business" under § 262.05(1)(d). Consequently, whether a foreign corporation is "transacting business" in Wisconsin for purposes of § 180.847(4) depends on the number, type, and significance of the contacts of the foreign corporation with the forum state, examined in the light of "commercial actuality." *Heraly v. Victor Products Corporation*, 282 F.Supp. 351 (E.D.Wis.1968). Consequently, this Court concludes that the same contacts which provided the grounds for jurisdiction under § 262.05(1)(d) compel the conclusion that plaintiff was entitled to rely on § 180.847(4) and service pursuant to its provisions.

In construing the "transacting business" phrase in Chapter 180, the court in *Telephone Systems, Inc. v. Keating*, 309 F.Supp. 933, 935 (E.D.Wis.1970), stated:

"Since the obligation which is being sued upon here arose out of activities which occurred partly within the state of Wisconsin, the plaintiff cannot be heard to say that it was not doing business in Wisconsin. [Citation omitted.]"

In this action the contract was negotiated and accepted in this state. Consequently, the service of process under § 180.847(4) was an effective exercise of this court's jurisdiction.

For the foregoing reasons,

It is ordered that the motion of Burkhardt-Larsen Company to dismiss this action be and it hereby is denied.