HARLEY–DAVIDSON MOTOR CO., INC., a corporation, Plaintiff,

v.

Charles STRADA and R & M Engineering, Defendants.

No. 77–C–135.

United States District Court, E. D. Wisconsin.

April 25, 1978.

Peter J. Stone, Whyte & Hirschboeck, Milwaukee, Wis., for plaintiff.

Richard D. Harris, Alter & Weiss, Chicago, Ill., Glenn O. Starke, Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

On March 4, 1977, the plaintiff commenced this civil action to have the defendants design patent declared invalid. On October 4, 1977, an amended complaint was filed naming R & M Engineering as an additional party defendant.

Prior to the commencement of this action, on September 15, 1976, the defendant Charles Strada had notified the plaintiff by letter that he would bring an action for patent infringement against the plaintiff if it did not discontinue the manufacture and sale of motorcycle exhaust pipes. On February 25, 1977, defendant Strada commenced an action for patent infringement and unfair competition in the United States District Court for the Northern District of Illinois against AMF, Inc., plaintiff's parent corporation. The complaint in the Illinois action was amended on April 4, 1977 to include Harley-Davidson Motor Co. as a co-defendant.

The defendants have moved that service be quashed and that the action be dismissed for improper service, lack of personal jurisdiction and improper venue or, in the alternative, that this action be stayed pending the determination of the Illinois action or transferred and consolidated with the pending case, in the Northern District of Illinois.

## PERSONAL JURISDICTION

Rules 4(d)(7) and 4(e) of the Federal Rules of Civil Procedure provide that state law determines questions of personal jurisdiction. The relevant Wisconsin Statute, Wis.Stat. § 801.05, provides in part:

801.05 Personal Jurisdiction, ground for generally

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

(1) Local presence of status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

\* \* \* \* \* \*

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

The Court's initial task is to determine whether or not the defendants had substantial and not isolated contacts with the state of Wisconsin. If the long-arm statute, Wis. Stats. § 801.05(1)(d) is found to consequently reach these defendants, the Court must additionally determine whether the exercise of jurisdiction in this case is consistent with or barred by due process considerations.

■ The burden is on plaintiff to show that the defendant had the requisite contacts with the state. It is error to place on defendants the burden of showing the non-applicability of the long-arm statute. *Afram v. Balfour Machine, Inc.*, 63 Wis.2d 702, 218 N.W.2d 288 (1974).

■ The Wisconsin Supreme Court has identified five factors which must be considered in deciding whether contacts are substantial and not isolated such that grounds for personal jurisdiction exist under the general provisions of § 801.05(1)(d): (1) the quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action with the contacts, (4) the interests of the State of Wisconsin, and (5) the convenience of the parties. *Nagel v. Crain Cutter Co.*, 50 Wis.2d 638, 648, 184 N.W.2d 876 (1970). *See, also, Modern Cycle Sales, Inc. v. Burkhardt-Larsen Co.*, 395 F.Supp. 587 (E.D.Wis. 1975).

Plaintiff argues that defendants have sufficient contacts with Wisconsin to permit this Court to exercise personal jurisdiction over the defendants. These alleged contacts include local sales of products designed or distributed by defendants along with the letter of defendant's counsel to plaintiff threatening the institution of a patent infringement action. The Court will examine this issue separately with respect to each defendant.

In response to plaintiff's interrogatory number 8, defendants state that defendant R & M Engineering has sold and delivered products to eight retailers in Wisconsin. Defendant R & M Engineering has been involved in some forty-nine sales transactions in Wisconsin from 1974 through 1977 (Defendants' supplemental answer to interrogatory number 13). R & M Engineering's sales within this state have totaled over $1,100 in each of those four years. (Defendants' supplemental answer to interrogatory number 26). Furthermore, defendant R & M Engineering has delivered catalogues of its products to some Wisconsin retailers. (Defendants' answers to interrogatory numbers 9, 49).

■ With respect to the quantity of the contacts, even a single contact is sufficient to sustain jurisdiction where that contact is a contract to be performed by a foreign corporation in Wisconsin and where the cause of action arose out of that contract. *Flambeau v. Plastics Corp. v. King Bee Mfg. Co.*, 24 Wis.2d 459, 129 N.W.2d 237 (1964).

In this case, defendant R & M Engineering's contacts with Wisconsin involve numerous sales transactions. This Court finds that the quality and quantity of these contacts are significant and not isolated.

With respect to the third requirement, it is not clear whether or not the cause of action arose out of defendant's contacts with Wisconsin.

The fourth factor to be considered is the interest of the State of Wisconsin. Wisconsin, like all states, has an interest in providing a forum for its residents. It is not necessary that the state have any special interest in this action; it is sufficient that the defendant has engaged in a course of conduct with the Wisconsin plaintiff. *Modern Cycle Sales, Inc. v. Burkhardt-Larsen Co., supra.*

The fifth factor concerns the convenience of the parties. These last two factors essentially relate to considerations of reasonableness and fairness. In light of the defendant's contacts with Wisconsin, it is fair to require the defendant to defend this action in Wisconsin.

524

■ Thus, applying the *Nagel* analysis to the circumstances of this case, the Court finds that defendant R & M Engineering's contacts with the State of Wisconsin are substantial and not isolated, and are therefore sufficient to bring the defendant within the scope of Wis.Stat. § 801.05(1)(d).

Defendant Strada alleges the Court lacks personal jurisdiction over him. Defendant Strada is the inventor and owner of the patent in issue.

In his answers to plaintiff's interrogatories, defendant Strada states that he personally does not manufacture, sell or market products and has no contacts with the State of Wisconsin. (Defendants' answers to interrogatories nos. 4–9). There is no indication of any alleged control of R & M Engineering by defendant Strada.

Plaintiff claims that the letter of September 15, 1976 from defendant's counsel to the plaintiff's president in Milwaukee, Wisconsin constituted sufficient contact with Wisconsin to permit this Court to exercise personal jurisdiction over defendant Strada. Plaintiff contends that its cause of action arises directly from this letter. In support of its proposition, plaintiff cites *B & J Manufacturing Company v. Solar Industries, Inc.*, 483 F.2d 594 (8th Cir. 1973), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1973), and *Censable Products, Inc. v. Jerome H. Lemelson*, Case No. 75–C–3717 (N.D.Ill. April 27, 1976).

In *Censable*, Lemelson, a non-resident, had sent a letter to the plaintiff in Illinois threatening legal action if an alleged patent infringement continued. The defendant had also licensed a third party, whose primary place of business was in Chicago, under the very patent in controversy. Under these circumstances, the Court held that it had personal jurisdiction over this defendant.

In *B & J Manufacturing*, the defendant had advised the plaintiff by letter received in Minnesota to refrain from infringing its patent. The Court also found that the defendant advertised its products in national publications which were distributed in Minnesota and had sold a number of its prod-

ucts to independent distributors located in Minnesota. The Minnesota long-arm statute provides that personal jurisdiction could be obtained over a non-resident defendant if he "transacts any business within the State." (M.S.A. § 543.19(1)(b)). In light of all these factors, the Court held that personal jurisdiction was properly asserted over the defendant.

In the instant case, defendant Strada merely sent a letter to plaintiff in Milwaukee, Wisconsin. There is no showing that he transacted any business in Wisconsin or personally had any contact with the state.

In *Conwed Corporation v. Nortene S.A.*, 404 F.Supp. 497 (D.Minn.1975), the court held that sending a letter into a state was not sufficient to confer personal jurisdiction over a non-resident defendant. The court found that the defendant's purpose in sending the letter was not to improve its marketing and economic position in the state but rather, the legitimate purpose of preventing the plaintiff from using the patents without the payment of royalties to the true owner.

In a footnote, the court elaborated on its position:

One further comment on the use of threatening letters as a jurisdictional base is in order. It is not the rule, nor has it ever been the rule so far as this Court is aware, that a plaintiff cannot demand recourse from a wrongdoer without submitting to the jurisdiction of the wrongdoer's forum. Such a rule would leave the victim only three options: he could forego his rights entirely; he could attempt to settle the dispute without litigation, but at the price of submitting to the jurisdiction of a distant forum; or he could sue without any warning—the blitzkrieg nature of the attack being necessary to avoid vulnerability to foreign jurisdiction. A rule foreclosing options in this manner would be improper for two reasons. First, it would positively discourage the settlement of disputes, in direct conflict with other rules of law. As noted earlier in this opinion, settle-

ment conferences are protected and encouraged. Since such conferences cannot take place unless some kind of demand has been made by the potential plaintiff, the initial demand must also be protected and even encouraged.

Second, such a rule would unjustifiably treat the victim as the wrongdoer. It is undoubtedly true that some threats of infringement action are made in bad faith for the purpose of engaging in unfair competition. But to base a generally applicable jurisdictional rule on this occasional practice would be extreme . .

It would offend 'traditional notions of substantial justice and fair play' to hold that the written notice of infringement necessary to commence the running of damages submits the patentee to the foreign jurisdiction of the infringer. *Id.* at 506, n. 8.

In light of the foregoing analysis and the facts as presented in the affidavits and answers to interrogatories, this Court finds that defendant Strada's contacts with the state of Wisconsin are insufficient to confer personal jurisdiction over him in this Court.

■ It remains to be considered whether an exercise of jurisdiction over defendant R & M Engineering by a Wisconsin court would be violative of due process. In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court said:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *Id.* at 316, 66 S.Ct. at 158.

The Court finds that the quantity and nature of defendant's contacts with Wisconsin meet this test of minimum contacts. The fact that the cause of action in the instant case may be unrelated to this defendant's contacts with the forum state— though it distinguishes the instant case from *International Shoe* —is not determina-tive. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

Therefore, the Court holds that the requirements of fair play and substantial justice are met and that the Court has jurisdiction over defendant R & M Engineering consistent with Wisconsin's long-arm statute.

## VENUE

Defendant Strada has moved to dismiss for improper venue. Because the Court found that personal jurisdiction over this defendant was lacking, it need not consider the venue issue with respect to this defendant.

With respect to defendant R & M Engineering, the Court would note that 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

■ Defendant R & M Engineering has sold the patented products in issue in Wisconsin. Counsel for defendants wrote to plaintiff in Milwaukee, Wisconsin alleging that plaintiff was infringing its patent. To resolve this issue, plaintiff commenced this action. The Court holds that venue is properly established in this Court.

## SERVICE OF PROCESS

Because the Court has determined that it does not have personal jurisdiction over defendant Strada, the service of process issue with respect to him need not be addressed.

With respect to the remaining defendant, Rule 4(d)(7) of the Federal Rules of Civil Procedure provides that service is sufficient if in compliance with the law of the state in which the federal court is located.

Section 801.11 of the Wisconsin Statutes sets forth the procedure for service.

■ In this case, the U. S. Marshal's service form states that, with respect to defendant R & M Engineering, personal service was made upon Charles Strada, a managing partner of R & M Engineering.

Thus, this Court finds that service of defendants R & M Engineering was proper and in compliance with Wis.Stats. § 801.11.

## TRANSFER OR STAY OF PROCEEDINGS

With respect to the request for a stay of these proceedings or a transfer of this case to the United States District Court for the Northern District of Illinois, the Court notes that the Illinois action was brought by the defendant in this action, alleging patent infringement competition against Harley-Davidson Co., Inc. and its parent corporation, AMF, Inc. The same patent is in issue in this case.

Section 1404(a) of 28 U.S.C. provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or subdivision where it might have been brought.

As previously noted, 28 U.S.C. § 1391(b) allows a civil action to be brought in the judicial district where all defendants reside or in which the claim arose. In this case, the defendant R & M Engineering resides in the Northern District of Illinois so venue is proper in that district. *See, Penrod Drilling Co. v. Johnson*, 414 F.2d 1217 (5th Cir. 1969), *cert. denied*, 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 495 (1970).

■ The burden of establishing that the action should be transferred is on the moving party. *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180 (7th Cir. 1971).

■ Whether to transfer an action under § 1404(a) is a matter in the sound discretion of the district court to be exercised in light of all the circumstances of the case. *General Foods Corp. v. Carnation Co.*, 411 F.2d 528 (7th Cir. 1969), *cert. denied*, 396 U.S. 940, 90 S.Ct. 375, 24 L.Ed.2d 242 (1969).

Defendants argue that this case involves some of the same issues as the suit alleging patent infringement and unfair competition in the United States District Court for the Northern District of Illinois, (Strada Affidavit, ¶¶ 8–9, June 10, 1977). In that suit, Charles Strada is suing AMF, Inc. and Harley-Davidson Motor Co., Inc. The defendant has submitted no affidavits controverting these allegations. Apparently R & M Engineering is not a party to the Illinois action.

Section 1404(a) provides that actions may be transferred for the convenience of the parties, and in the interest of justice. One element encompassed in "the interest of justice" is the desire to avoid multiplicity of litigation from a single transaction. The Supreme Court has suggested that great weight should be given to this consideration:

To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

*Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

In *Kerotest Mfg. Co. v. C–O–Two Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952), the Supreme Court considered the question of multiple litigation in a patent suit. In that case, C–O–Two, a Delaware Corporation, brought an infringement action in Illinois against a customer of Kerotest, manufacturer of the allegedly infringing item. Kerotest then commenced a declaratory judgment action on the same patents against C–O–Two in Delaware. Subsequently C–O–Two joined Kerotest as a co-defendant in the Illinois proceeding. The Delaware district court stayed the Illinois suit as against Kerotest on the ground that the Delaware action had been commenced before Kerotest became a party to

the Illinois action. The Third Circuit Court of Appeals reversed and ordered the district court to stay its proceedings until 10 days after final termination of the Illinois litigation. The court found that judicial efficiency would be better served by adjudication in the Illinois court.

The Supreme Court, in affirming the Court of Appeals decision, stated:

> The Federal Declaratory Judgments Act, facilitating as it does the initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts. Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.

*Id.* at 183–84, 72 S.Ct. at 221.

■ After careful consideration of this action, and in light of the foregoing analysis, this Court concludes that the interests of justice would best be served by transferring this case to the United States District Court for the Northern District of Illinois where defendant Strada's suit for patent infringement is now pending.

With respect to the convenience of the parties, the Court notes that defendant Strada is an Illinois resident and that the plaintiff is located in Wisconsin. Although a transfer of this case to Illinois would be of some benefit to defendant Strada, plaintiff would not be unduly inconvenienced by the transfer of this action to the Illinois court in which defendant's patent infringement action is pending.

Accordingly, the Court hereby orders this case to be transferred to the United States District Court for the Northern District of Illinois, Eastern Division.

So ordered this 25th day of April, 1978, at Milwaukee, Wisconsin.