BRANCH CHEESE COMPANY, INC., a Wisconsin Corporation, Plaintiff,

v.

PHILIP OLENDER & COMPANY, a Michigan Corporation, Defendant.

No. 76–C–8.

United States District Court,
E. D. Wisconsin.

April 21, 1976.

DeWane, Gregorski & DeWane by Patrick A. DeWane, Manitowoc, Wis., for plaintiff.

Charne, Glassner, Tehan, Clancy & Taitelman by F. Thomas Olson, Milwaukee, Wis. (Muchin & Muchin by Jacob Muchin and Patrick L. Willis, Manitowoc, Wis., of counsel), for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, a Michigan corporation, has moved to dismiss the above action for lack of jurisdiction over the person and for insufficiency of service of process, pursuant to Rules 12(b)(2) and (5), Federal Rules of Civil Procedure. I believe that the defendant's motion should be granted.

The verified complaint alleges that the defendant and the plaintiff, a Wisconsin cheese manufacturer, agreed to the sale to the defendant of 40,000 pounds of cheese, to

be picked up at the plaintiff's plant in Wisconsin, that the plaintiff performed its portion of the agreement, that the defendant picked up the cheese in Wisconsin on August 15, 1975, and that the defendant has refused to make payment for the cheese.

The affidavit of Charles Olender, president of the defendant corporation, states that the defendant "has not now and never had entered into any contracts for services to be performed or for materials to be furnished in Wisconsin" and that "no one who was concerned with the transaction in question acted for or on behalf of or with the authority of Philip Olender & Company."

■ The issue presented is whether this court has personal jurisdiction over the defendant. For personal jurisdiction to exist, it must arise under one of the provisions of the Wisconsin long-arm statute, § 262.05, Wis.Stats., and the provision, as applied to the defendant, must satisfy the constitutional requirements of due process.

Section 262.05, Wis.Stats., provides in part:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to § 262.06 under any of the following circumstances:

(5) *Local services, goods or contracts.* In any action which:

(a) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or

(b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or

(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value."

The agreement alleged in the plaintiff's complaint falls within subsection (c) of the statute, but the court must also determine whether the defendant has had the minimum contacts with the state of Wisconsin required by the due process clause of the 14th Amendment to the United States Constitution. See *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the Court held that "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State." The contract alleged in the plaintiff's complaint contemplated the sale of cheese in Wisconsin, and it is alleged that delivery was made in Wisconsin. However, it is my belief that the record demonstrates only the barest contacts with Wisconsin on the part of the defendant. The original inquiry was by letter, and none of the negotiations were ever conducted by personnel of the defendant in Wisconsin. The cheese in question would appear to be from the general inventory of the plaintiff, rather than goods especially created by the manufacturer at the defendant's instance. There is but a single order involved. The plaintiff alleges that the cheese was picked up in Wisconsin, but Mr. Raeder's affidavit does not represent that the pickup was by the defendant's own truck. Mr. Olender, on the other hand, has expressly averred that "the merchandise was not picked up by a Philip Olender & Company truck, nor was the driver under the direction or control of Philip Olender & Company."

■ The foregoing suggests that this was an isolated mail order transaction, and that it would be unfair to subject the defendant to jurisdiction under the Wisconsin long-arm statute. I conclude that the defendant's contacts within Wisconsin were not sufficient to constitute a "substantial

connection" for the purposes of due process. *Balistrieri v. O'Farrell,* 324 F.Supp. 151, 152 (E.D.Wis.1971); cf. *Nordberg Div. of Rex Chainbelt Inc. v. Hudson Eng. Corp.,* 361 F.Supp. 903 (E.D.Wis.1973).

Therefore, IT IS ORDERED that the defendant's motion to dismiss this action be and hereby is granted.