TRAVELERS INSURANCE COMPANY, Plaintiff, v. GEORGE MC-ARTHUR & SONS, Defendant and Respondent: WELDED TUBE COMPANY OF AMERICA, Impleaded Defendant and Appellant.

*September 28—October 27, 1964.*

198

For the appellant there was a brief by *Petersen, Sutherland, Axley & Brynelson* of Madison, and oral argument by *Robert J. Sutherland.*

For the respondent there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill, Jr.*

HEFFERNAN, J. The pleadings do not reveal how, when, or where the contract between McArthur and Welded Tube was entered into.

The impleaded defendant demurred to the cross complaint on the ground that upon the face thereof the court lacks jurisdiction over the person of Welded Tube, in that "Welded Tube Company of America is not engaged in substantial or in isolated activities within this state, whether such activities are wholly interstate, intrastate or otherwise; and further that . . . the action does not arise out of any act or omission within this state by the defendant, . . ."

The trial court overruled the demurrer on the basis that the policy of the law was to avoid multiplicity of suits, and in the event the action could not be maintained here it would mean the commencement of another lawsuit in Pennsylvania.

The circuit court found that jurisdiction was based on sec. 262.05 (3), Stats., in that the contract was entered into in Wisconsin and that this, therefore, constituted an "act or omission" within Wisconsin by the defendant. We cannot agree with the learned trial judge.

Ch. 262, Stats., relates to the commencement of civil actions, and sec. 262.06, Stats., describes methods of obtaining personal service over defendants. No objection is raised to the method of service, but the defendant by its demurrer claims that there are no facts alleged that are sufficient to confer personal jurisdiction as provided in sec. 262.05.

The trial court relied upon sub. (3) of sec. 262.05, Stats., which provides as follows:

"262.05 PERSONAL JURISDICTION, GROUNDS FOR GENER-ALLY. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

"(3) *Local act or omission.* In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant."

The trial court reasoned that this section was applicable since the injury occurred without the state as the result of an act or omission within this state by the defendant, and that act within the state was when they [Welded Tube] stepped across the line and entered into a contract in Wisconsin.

We can find no allegations in the cross complaint, in the stipulation, or elsewhere that lead to the conclusion that this was a Wisconsin contract or that there was an act or omission by Welded Tube in Wisconsin. The only fact that can be gleaned from the cross complaint or stipulation is that McArthur ordered hammock stands from Welded Tube, but that at the request of McArthur these stands never came into Wisconsin and were sent from Pennsylvania to Orange, Connecticut. If jurisdiction is to be predicated on the situs of the contract, the facts as alleged are not dispositive of that question. The facts are not sufficient to resolve this problem on the basis of any rules of contract law.

McArthur in its argument before the circuit court attempted to found jurisdiction upon sec. 262.05 (4), Stats., which provides as follows:

"262.05 PERSONAL JURISDICTION, GROUNDS FOR GENER-ALLY. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

"(4) *Local Injury; foreign act.* In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

We agree with the trial judge that this section does not confer jurisdiction under the facts of this case. There was no injury within this state, and whether the stands were used or consumed in this state, as required by sub. (4) (b) is therefore irrelevant. It would appear, also, that the stipulation of the parties, that the stands never came physically into the state of Wisconsin, but were upon the orders of McArthur shipped directly from Pennsylvania to Connecticut, negates a use or consumption in Wisconsin in the physical sense.

The defendant, McArthur, in its brief on appeal attempts to base jurisdiction upon sec. 262.05 (1) (d), Stats., which provides as follows:

"262.05 PERSONAL JURISDICTION, GROUNDS FOR GENERALLY. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

"(1) *Local presence or status.* In any action whether arising within or without this state, against a defendant who when the action is commenced:

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

McArthur claims that its allegation, "That said hammock stands were used or consumed within the state of Wisconsin

in the ordinary course of trade at the times mentioned in the complaint," is an allegation that the defendant, Welded Tube, is "engaged in substantial and not isolated activities within this state." Professor G. W. Foster in his extensive revision notes dealing with the adoption of sec. 262.05, Stats., and which appear in 30 W. S. A. (1964 pocket part, p. 21), sec. 262.05, points out that this subsection contemplates a requirement similar to that of "doing business" within the state which requires not just an isolated contact but "substantial activities" which are "continuous and systematic." The facts alleged by McArthur are not sufficient to ground jurisdiction upon this portion of the statute. In *Flambeau Plastics Corp. v. King Bee Mfg. Co.* (1964), 24 Wis. (2d) 459, 129 N. W. (2d) 237, the court, though not directly ruling on the point, indicated its doubt that the defendant's action in entering into the single contract alleged, with a Wisconsin resident and to be performed in Wisconsin, gave the defendant a sufficient local status to subject it to personal jurisdiction under sec. 262.05 (1) (d). We hold that the facts as herein alleged are not sufficient to give rise to jurisdiction under this portion of the statute.

Under none of the theories advanced by the defendant, or which can be advanced on his behalf giving his pleadings the most favorable construction, are the allegations sufficient for a finding that the court has jurisdiction.

We give full recognition to the expression of legislative intent that ch. 262, Stats., be liberally construed to the end that actions be speedily and finally determined on their merits, and we are fully appreciative of the learned trial judge's efforts toward that end. It may well be that facts can be alleged which will make possible the speedy disposition of this lawsuit within the jurisdiction of the court. However, the facts as alleged show an extremely minimal contact by Welded Tube within the state of Wisconsin. Under the

facts alleged we see no power under the statutes to subject this corporation to the jurisdiction of the Wisconsin courts. While it may well be more convenient for the domestic corporation to dispose of its litigation in its own forum, it cannot do so unless Welded Tube has had such contact with this jurisdiction "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington* (1945), 326 U. S. 310, 316, 66 Sup. Ct. 154, 90 L. Ed. 95. Such contact has not been alleged.

The trial judge in his exhaustive memorandum decision correctly pointed out that this is "virgin territory." In the event that the defendant, McArthur, can allege facts that will bring Welded Tube within the provisions of the statute, he is at liberty to try again.

We reverse the decision of the trial court and sustain the demurrer, with leave to the defendant, McArthur, to plead over within twenty days, with that period to run from the date this record is returned to the circuit court.

*By the Court.*—Order reversed with leave to plead over within twenty days, with that period to run from the date this record is returned to the circuit court.