Joseph P. **BALISTRIERI**, Plaintiff,

v.

**Bonnie Lynn O'FARRELL**, a/k/a **Bonnie Bramlett, Al Schweitzman**, and **Atlantic Records**, Defendants.

No. 70–C–586.

United States District Court,
E. D. Wisconsin.

March 4, 1971.

Joseph P. Balistrieri, Milwaukee, Wis., for plaintiff.

Laikin, Swietlik & Laikin, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to quash the service of the summons and complaint on the ground that the defendants are not within the jurisdiction of the court. All of the defendants were served outside the state of Wisconsin.

The complaint itself asserts that each defendant's address is unknown to the plaintiff. However, in support of his contention that the court has jurisdiction as to the defendant O'Farrell, the plaintiff points to the fact that in paragraph V of the complaint it is alleged that the contract between Balistrieri and O'Farrell was "executed and entered into" at Milwaukee, Wisconsin.

In an unverified memorandum, the plaintiff asserts that O'Farrell was a Wisconsin resident at the time of the execution of the contract. The plaintiff also makes the unverified statement that "services were to be performed in Wisconsin * * *", but that assertion is not to be found in the complaint or in the contract annexed thereto.

As to the defendant Atlantic Records, the plaintiff makes the argument that that company "does considerable record sales in Wisconsin." Once again, this assertion is contained in the plaintiff's memorandum brief and is not verified.

The defendants have submitted an affidavit which sets forth the foreign citizenship of the defendants O'Farrell and Schweitzman and asserts that Atlantic Records is a foreign corporation not licensed to do business in Wisconsin.

Under Rule 4(d) (7), Federal Rules of Civil Procedure, a defendant may be served "in the manner prescribed by the law of the state in which the district court is held." See also Rule 4(e). Sec. 262.05, Wis.Stats., provides generally for the means of obtaining jurisdiction.

Sec. 262.05(1) (d) authorizes jurisdiction over a defendant who "is engaged in substantial and not isolated activities within this state." Sec. 262.05(5) (b) covers the situation in which services were "actually performed for the defendant by the plaintiff within this state."

The only verified assertion of any defendant's activity within the state of Wisconsin in support of the plaintiff's position relates to the agreement's having been "executed in Wisconsin." Even this statement is a legal and conclusory expression which falls short of an unequivocal declaration that the defendant O'Farrell was actually present in Wisconsin at the time the agreement was signed by her.

Although the plaintiff contends that he was to perform services for the defendant O'Farrell in Wisconsin, it does not appear that she "authorized or ratified" such acts pursuant to § 262.05(5) (b). The plaintiff also points out that he is a life-long resident of Wisconsin and maintains an office in Wisconsin. Mr. Balistrieri's contacts in Wisconsin are not of a nature to provide this court with jurisdiction over the non-resident defendants. In Orton v. Woods Oil & Gas Co., 249 F.2d 198, 202 (7th Cir. 1957), the plaintiffs, both Illinois residents, sued a foreign corporation in Illinois. The plaintiffs urged that they had performed most of their work in Illinois, and the court rejected this as a basis for jurisdiction, stating:

"The fact that plaintiffs did most of their actual work in Chicago in accomplishing their assignments seems to us to be a slender thread on which to hang their claim for jurisdiction over defendant in Illinois."

A related expression is found in Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958), where the court said:

"The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

The need for significant contact between the defendant and the state was discussed in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See also Trippe Manufacturing Company v. Spencer Gifts, Inc., 270 F.2d 821 (7th Cir. 1959); Uni-Pak, Inc. v. Formex Corporation, 300 F.Supp. 527 (E.D.Wis.1969). There is applicable here what this court said in the latter case at p. 528:

"Section 262.05 is quite broad in scope, but each of its subsections demands some meaningful contact between the defendant and the state. Under the terms of the statute, mere preliminary negotiations at the time of the signing of the contract between two foreign corporations, without more, would not be sufficient. For example, subsection (1) permits the court to assume jurisdiction over a foreign corporation which, *at the time the action is commenced*, is 'engaged in *substantial* and not isolated activities within this state * * *.' (emphasis added). No other portion of § 262.05 authorizes jurisdiction upon the facts in this case. See Travelers Ins. Co. v. George McArthur & Sons, 25 Wis.2d 197, 130 N.W.2d 852 (1964)."

It is clear that the pertinent materials now before the court do not support the plaintiff's claim that there is jurisdiction over O'Farrell, Schweitzman or Atlantic Records. There is simply no suggestion that the defendant Schweitzman engaged in *any* activity within Wisconsin, and there is no showing that either the defendant O'Farrell or the defendant Atlantic Records had anything but minimal, isolated activities within Wisconsin.

Now, therefore, it is ordered that the defendants' motion to quash the service of the summons and complaint be and hereby is granted and that the plaintiff's action be and hereby is dismissed without prejudice.