**Edward MAES and Sharon Maes, his wife, Plaintiffs,**

v.

**POLARIS INDUSTRIES, INC., et al., Defendants.**

No. 69-C-592.

United States District Court, E. D. Wisconsin.

June 30, 1971.

Foley, Capwell, Foley & Seehawer, Racine, Wis., for plaintiffs.

Lawton & Cates, Madison, Wis., for Iron County Ski Corp. and Norman Hammond.

Kluwin, Dunphy, Hankin & Hayes, by Bernard J. Hankin, Milwaukee, Wis., for Northern Upholstery.

Borgelt, Powell, Peterson & Frauen, by Kurt H. Frauen, Milwaukee, Wis., for Textron, Polaris, P. Corp. and Hetteen.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Northern Upholstery, Inc., has brought a motion for an order dismissing the action or, alternatively, to quash the return of the service of the summons upon it. The action was originally commenced in December, 1969. The plaintiffs seek to recover damages as a result of an accident involving an allegedly defective "mobile tracked vehicle."

On January 22, 1971, the court granted plaintiffs' motion to amend the summons and complaint to add Northern Upholstery as an additional party defendant. On February 4, 1971, service of the amended summons and complaint purportedly was made on Northern Upholstery, Inc., by the marshal's serving one "Jim Ploof, Mgr." at Roseau, Minnesota. Although there is an affidavit before the court that Mr. Ploof is not "an employee, agent or officer" of Northern Upholstery, Inc., any deficiency in that attempted service would not appear to be fatal because subsequently, on April 19, 1971, after the instant motion was filed, the marshal served the amended summons and complaint upon one "Dale Amundson, Sec. & Treas." at Roseau, Minnesota. Northern Upholstery, Inc. has not contended that the latter service was made upon one not authorized to receive it.

Northern Upholstery also urges that the service should be quashed because it is a Minnesota corporation and has not had minimum contacts with the state of Wisconsin. In an affidavit, the movant's vice-president has averred:

"* * * that said Northern Upholstery, Inc. is not licensed to do busi-

ness in the state of Wisconsin and that it has done no business in the state of Wisconsin at any time, nor at any place mentioned in the Complaint herein, nor has said defendant, Northern Upholstery, Inc., solicited any business whatsoever in the state of Wisconsin, nor has it had any contact whatsoever with the plaintiffs herein at any time or at any place mentioned in said Complaint."

Unfortunately, the court does not have the benefit of any responsive memorandum or any counter-affidavits from the plaintiffs in this case. This stems from the fact that the original briefing schedule (which required that the plaintiffs' brief be filed by April 26, 1971) was extended at the plaintiffs' request to June 18, 1971. The original extension was granted upon the statement of plaintiffs' counsel that they wanted to conduct discovery regarding the motion. Without any extension being thereafter granted by the court, plaintiffs' counsel failed to file any memoranda or supporting authorities on the date they were due, namely June 18, 1971.

The instant case is now over a year and a half old. At a status report conference held on December 1, 1970, the court directed counsel to complete their discovery within 120 days thereafter. Under all the circumstances, I concluded that an additional extension of time in which to file a responsive brief should not be granted to the plaintiffs. If the court is to control its calendar, it must not subscribe to delays such as would occur in this matter if any further extensions were permitted.

Since the defendant, Northern Upholstery, Inc., was served outside of the territorial limits of this state, the court must determine, upon the motion to quash, whether such service complied with legal requirements. Mr. Hetteen's affidavit stands uncontradicted; it asserts that Northern Upholstery, Inc. did not do business in Wisconsin. There is nothing before the court to suggest that

service was sufficient under Rule 4(d) (7), Federal Rules of Civil Procedure, or under the Wisconsin long-arm statute, Sec. 262.05(1) (d), which provides that service can be had over a foreign corporation which:

"Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

In Travelers Ins. Co. v. George McArthur & Sons, 25 Wis.2d 197, 203, 130 N.W.2d 852, 854 (1964), the court said:

"* * * this subsection [262.05] contemplates a requirement similar to that of 'doing business' within the state which requires not just an isolated contact but 'substantial activities' which are 'continuous and systematic.'"

The need for significant contact between the defendant and the state was discussed in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See also Trippe Manufacturing Company v. Spencer Gifts, Inc., 270 F.2d 821 (7th Cir. 1959); Uni-Pak, Inc. v. Formex Corporation, 300 F.Supp. 527 (E.D.Wis.1969). There is applicable here what this court said in the latter case at p. 528:

"Section 262.05 is quite broad in scope, but each of its subsections demands some meaningful contact between the defendant and the state. Under the terms of the statute, mere preliminary negotiations at the time of the signing of the contract between two foreign corporations, without more, would not be sufficient. For example, subsection (1) permits the court to assume jurisdiction over a foreign corporation which, *at the time the action is commenced,* is 'engaged in *substantial* and not isolated activities within this state * * *.' (emphasis added). No other portion of § 262.05 authorizes jurisdiction upon the facts in this case."

It is clear that the materials now before the court support Northern Uphol-

**542**

stery's contention that service upon it was improper. Accordingly, its motion to quash the service of the summons must be granted.

Now, therefore, it is ordered that the motion of the defendant, Northern Upholstery, Inc., to quash the service of the summons upon it be and hereby is granted.

And it is also ordered that this action against said defendant, Northern Upholstery, Inc., be and hereby is dismissed.