Michael **BOCKORNY**, a minor, by Louis Bockorny, his next friend, Plaintiff,

v.

**MIDNIGHT PUBLISHING CORPORATION**, a foreign corporation, Defendant.

No. 72-C-524.

United States District Court, E. D. Wisconsin.

Dec. 29, 1972.

Esler & Esler by John E. Esler, Kaukauna, Wis., for plaintiff.

Jack J. Gimbel, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This diversity action involves a libel claim based upon the publication of an article utilizing a news photograph of the plaintiff. The complaint states that the plaintiff, a normal, healthy child, was photographed by a news photographer in Appleton, Wisconsin, while receiving an inoculation as part of a school health program. It is alleged that his picture was subsequently taken from a national wire service by the defendant and used to illustrate an article claiming that mentally retarded children were being used as "guinea pigs" in medical experiments.

The defendant has moved to dismiss the action, urging, among other grounds, that this court lacks personal jurisdiction over the defendant. A basis for personal jurisdiction, if any, and the means of acquiring it, must be found in Wisconsin Stat. § 262.05 (1969). U-Profit, Inc. v. Bromley Limited, Inc., 54 F.R.D. 60, 64 (E.D.Wis.1971). Section 262.05(4)(b), the subsection which the plaintiff states he relies on, provides as follows:

"262.05 Personal jurisdiction, grounds for generally. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to

s.262.06 under any of the following circumstances.

"  .   .   .   .

"(4) *Local injury; Foreign Act.* In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury either:

"  .   .   .   .

"(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

The plaintiff concedes that this provision of Wisconsin's long arm statute is commonly considered to be aimed at product liability claims where privity is lacking between the parties. G. W. Foster, Jr., Judicial Economy; Fairness and Convenience at Place of Trial: Long-arm Jurisdiction in District Courts, 47 F.R.D. 73 (1968). The plaintiff contends, however, that it is equally applicable here.

█ Each of the subsections of 262.-05 defines some meaningful contact required between the defendant and the state. Uni-Pak, Inc. v. Formex Corp., 300 F.Supp. 527, 528 (E.D.Wis.1971). Assuming the plaintiff's action satisfies the literal requirements of § 262.-05(4)(b), due process still requires within the factual circumstances of each case that the defendant's contacts with the forum state be "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

█ The uncontradicted affidavit filed by an officer of Globe Communications Corporation shows that Globe, a Delaware corporation, is the successor by merger of Midnight Publishing Corporation, Ltd., a Canadian corporation. The affidavit states that the defendant has never qualified or been authorized to do business in Wisconsin, has never entered into contracts in Wisconsin and does not operate a business, own property, maintain an office, agency or telephone in Wisconsin. The defendant's publication, "Midnight", apparently is printed in Montreal, Canada, and sold to Fawcett Publications, Inc., an independent Delaware corporation which is the sole distributor for the United States and Canada. Fawcett ships the publication to the United States and there sells and ships it to independent dealers throughout the country. It is also stated in the affidavit that the defendant has no interest in or control over Fawcett or any of the independent contractors purchasing the publication from Fawcett.

There is support for the defendant's proposition that a newspaper normally has insufficient contacts with forums distant from its place of publication. New York Times Co. v. Connor, 365 F. 2d 567 (5th Cir. 1966); Buckley v. New York Times Co., 338 F.2d 470 (5th Cir. 1964). There is also support for the argument that contacts cannot be based on the distribution activities of independent dealers in such cases. Jenkins v. Fawcett Publications, Inc., 204 F.Supp. 361 (N.D.Fla.1962); See also Talcott v. Midnight Publishing Corporation, 427 F.2d 1277 (5th Cir. 1970). On the other hand, there is authority for the view that a publication aimed at a national audience is not in the same position as a newspaper which is predominantly locally oriented. In such a case, it has been held that a publisher can be required to answer in any forum in which it does relatively substantial business, despite any insulation resulting from the use of independent distributors and dealers. Curtis Publishing Company v. Golino, 383 F.2d 586 (5th Cir. 1967).

Under either view, however, it is apparent that this court lacks personal jurisdiction over the defendant in the case at bar. The plaintiff has demonstrated no connection with the forum state other than the sale of the defendant's publica-

tion through the independent dealers. In addition, there has been no showing of the relative importance of such sales in Wisconsin.