**CANADIAN BRONZE COMPANY, LTD.,**
**Plaintiff,**

v.

**Robert F. KENZLER and Kenzler Engineering Company, Inc., Defendants and Third Party Plaintiffs,**

v.

**MODERN EQUIPMENT COMPANY et al., Third Party Defendants.**

**Civ. A. No. 72-C-462.**

United States District Court,
E. D. Wisconsin.

Aug. 28, 1974.

Richard E. Reilly, Milwaukee, Wis., for plaintiff.

William B. Graves, Milwaukee, Wis., for defendants and third party plaintiffs.

Thomas W. Godfrey, Milwaukee, Wis., for third party defendant Modern Equipment Co.

Frank T. Crivello, Milwaukee, Wis., for third party defendant Mathews Conveyor Div. of Rexnord, Inc.

James P. O'Neill, Milwaukee, Wis., for third party defendant Mathews Conveyor Company, Ltd.

David J. Cannon, Milwaukee, Wis., for third party defendants Simplicity Eng. Co. and Simplicity Materials Handling, Ltd.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This matter is before the court on a motion to dismiss brought by third party defendants Simplicity Engineering Company and Simplicity Materials Handling, Ltd. The third party defendants seek to dismiss the action as to them, urging, among other grounds, that this

court lacks jurisdiction over the person of the third party defendants.

Plaintiff Canadian Bronze Company, Ltd., is a Canadian corporation having its principal place of business in Montreal, Canada. From October 1967 through August 1971, plaintiff retained the principal defendant, the Kenzler Engineering Company, Inc. (hereinafter "Kenzler"), to plan and design an automated production facility at plaintiff's plant in Winnipeg, Manitoba, Canada. Defendant Kenzler is a Wisconsin corporation having its principal place of business in Milwaukee.

On October 30, 1972, plaintiff commenced this action against Kenzler alleging that Kenzler was negligent in the performance of services and design of the Canadian facility. On November 16, 1973, defendant Kenzler was granted leave to file a third party complaint against, among other suppliers, Simplicity Engineering Company (hereinafter "Simplicity Engineering") and Simplicity Materials Handling, Ltd. (hereinafter "Simplicity Limited"). Simplicity Engineering is a Michigan corporation and Simplicity Limited is a Canadian corporation.

In the third party complaint, Kenzler alleged that it had entered into subcontracts with Simplicity Engineering and Simplicity Limited for the design and installation of certain equipment at the Canadian Bronze plant in Winnipeg, and claimed that if Canadian Bronze is entitled to recover, Simplicity Engineering and Simplicity Limited are liable for the amount of the judgment.

On February 4, 1974, the impleaded defendants Simplicity Engineering and Simplicity Limited moved to dismiss the action for lack of personal jurisdiction. Their motion is granted.

■ Rule 4(e) of the Federal Rules of Civil Procedure incorporates by reference the state long-arm statutes and compels the district court to apply state law in determining whether extraterritorial service of process is an effective exercise of *in personam* jurisdiction. Thill Securities Corporation v. New York Stock Exchange, 283 F.Supp. 239 (E.D. Wis. 1968); Wisconsin Metal & Chemical Corp. v. DeZurik Corp., 222 F.Supp. 119 (E.D.Wis. 1963).

■ Section 262.05 of the Wisconsin Statutes, commonly referred to as the long-arm statute, sets forth the general means of acquiring personal jurisdiction. Personal jurisdiction over these defendants can only be obtained by satisfying one of the tests set down in § 262.05 of the Wisconsin Statutes. Davis v. Mercier-Freres, 368 F.Supp. 498 (E. D.Wis. 1973); Bockorny v. Midnight Publishing Corp., 352 F.Supp. 1093 (E. D.Wis. 1972).

Wisconsin's long-arm statute, § 262.-05(1)(d), provides that a court has jurisdiction over a person under the following circumstances:

"(1) local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

\* \* \* \* \* \*

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

The Wisconsin court in Travelers Insurance Co. v. George McArthur & Sons, 25 Wis.2d 197, 203, 130 N.W.2d 852, 854 (1964), explaining § 262.05(1)(d), held that the section "contemplates a requirement similar to that of 'doing business' within the State which requires not just an isolated contact, but 'substantial activities' which are 'continuous and systematic.'" The jurisdictional fact required is local activity which is substantial and not isolated.

The motion of defendants Simplicity Engineering and Simplicity Limited is accompanied by affidavits of the general managers of both companies. The uncontradicted affidavits show that Ken-

zler telephoned Simplicity Engineering in Michigan and ordered certain machines and equipment for the Canadian Bronze plant in Canada. Simplicity Engineering manufactured the machines in Michigan and shipped them to Simplicity Limited in Canada for final assembly and inspection. Simplicity Limited is a wholly-owned subsidiary of Simplicity located in Guelph, Ontario, Canada. Simplicity Limited then shipped the machines directly to the Canadian Bronze Company. No machines, equipment, or parts in connection with the order were ever shipped into the State of Wisconsin. No employees of either company were ever present within the state in connection with the transaction.

The affidavits further state that neither Simplicity Engineering nor Simplicity Limited is incorporated or licensed to do business in Wisconsin. Neither has offices, manufacturing facilities, real or personal property within the state. Neither company maintains telephone number listings or business directory listings in the State of Wisconsin.

In addition, it appears that payment for the machinery and equipment involved was made in Canada and in Canadian money. The terms of the sale were f. o. b. at Simplicity Limited's plant in Ontario, Canada.

The affidavits now before the court negate any suggestion that either Simplicity Engineering or Simplicity Limited had anything but minimal isolated activities in the State of Wisconsin, if they carried on any activity within the state at all. It is, therefore, held that the alleged contact with the forum state is not sufficient to give rise to personal jurisdiction under subsection (1)(d) of § 262.05 of the Wisconsin Statutes.

The defendant Kenzler also attempts to base jurisdiction upon § 262.05(4) which provides as follows:

"262.05 Personal jurisdiction, grounds for generally. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to § 262.06 under any of the following circumstances:

* * * * * *

"(4) Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

One of the jurisdictional elements required by this subsection is an *injury* to person or property within the state. Kenzler asserts that the injury of misdesign occurred in Wisconsin as a result of third party defendants' out-of-state acts or omissions. However, while the misdesign could conceivably be said to have occurred in Wisconsin, the injury, if any, occurred in Canada where the equipment was installed. Misdesign was the alleged negligence and not the injury. The machinery and equipment manufactured and designed by Simplicity Engineering and Simplicity Limited were never within the State of Wisconsin and were shipped directly to Canada. Thus the injury, if any, occurred in Canada and not Wisconsin.

Although Kenzler has submitted an affidavit indicating that products of the third party defendants are used within the state in the ordinary course of trade, the fact remains that there has been no injury within the forum, and, thus, whether products of the defendant were used within the state becomes irrelevant. Travelers Insurance Co. v. George McArthur & Sons, supra. Therefore, it is found that a requisite element of § 262.-

05(4) is missing, and consequently § 262.05(4) cannot serve as a jurisdictional basis in this action.

The Wisconsin Supreme Court in Travelers Insurance Co. v. McArthur & Sons, supra, facing very similar facts as are involved here, examined several subsections of § 262.05 and concluded that personal jurisdiction could not be asserted over the impleaded defendant.

An additional factor weighing against this court's assertion of personal jurisdiction over these defendants is the fact that the transaction between Kenzler and the third party defendants was initiated by Kenzler. In Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), the United States Supreme Court stated:

"* * * The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. * * *"

This transaction was initiated by Kenzler from Wisconsin, and such "unilateral activity" on the part of Kenzler cannot satisfy the required contact by the nonresident defendant with the forum state.

■■ The court recognizes the policy of the law to avoid multiplicity of suits when possible and that dismissal of Simplicity Engineering and Simplicity Limited may very well result in the commencement of other lawsuits in Michigan or Canada. While it may be in the interest of judicial economy to dispose of the entire action in one suit, this cannot be done unless Simplicity Engineering and Simplicity Limited have had such contact with this jurisdiction that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, 326 U. S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Such contact does not exist here.

It is therefore ordered that the motion of the third party defendants Simplicity Engineering and Simplicity Limited to dismiss the action as to them be and it hereby is granted.