TOWNE REALTY, INC., Woerfel Corp. & Miller, Waltz, Diedrich Architects & Associates, Inc., d/b/a TMW Joint Venture, Plaintiffs,

v.

BISHOP ENTERPRISES INC., and Precedents Inc., and Tom L. Bishop, Defendants.

Civ. A. No. 76-C-329.

United States District Court, E. D. Wisconsin.

June 15, 1977.

Perry H. Friesler, Milwaukee, Wis., for plaintiffs.

Steven E. Keane, Gilbert W. Church, and Jon P. Christiansen, Milwaukee, Wis., for defendants Bishop Enterprises Inc. and Tom L. Bishop.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiffs, a Wisconsin joint venture, commenced this action against Bishop Enterprises Inc., a Texas corporation; Tom L. Bishop, a resident of Texas; and Precedents Inc., a California corporation, alleging breach of a subcontract for the furnishing and payment of all labor, materials, and equipment for completion of the carpentry work on a military housing project in Fort Riley, Kansas. The plaintiffs allege that jurisdiction lies under 28 U.S.C. § 1332. The defendants Bishop Enterprises Inc. and Tom L. Bishop have moved to dismiss the action for lack of personal jurisdiction, which motion is now before the Court. For the reasons hereinafter stated, the motion is granted.

The plaintiffs negotiated a contract with the Department of the Army for the construction of 1,001 housing units at Fort Riley, Kansas. On April 29, 1975, the plaintiff entered into a subcontract with the defendants Bishop Enterprises Inc. and Precedents Inc., whereby the defendants agreed to perform the necessary carpentry work on the housing units in consideration of the payment of $1,900,000. The subcontract further provided that the plaintiffs would provide the materials necessary for the defendants to complete their performance.

In an action in which jurisdiction is alleged on the basis of diversity of citizenship, this Court must look to the relevant state jurisdictional statute to determine if it does, in fact, have personal jurisdiction over the defendants. *Kirchen v. Orth*, 390

F.Supp. 313 (E.D.Wis.1975); Rule 4(e), F.R. Civ.P.

In opposition to the defendants' motion, the plaintiffs submitted the affidavit of James B. Young, the corporate assistant secretary of Towne Realty, Inc., one of the participants in the plaintiffs' joint venture. The Young affidavit sets forth the following jurisdictional facts. The subcontract entered into with the defendants resulted in part from conferences, contacts, and discussions had been the parties within the State of Wisconsin and a precontract "Memorandum of Understanding" signed by the parties in Wisconsin on April 28, 1975. As a result of the alleged breach, the plaintiffs contracted for the shipment of material and equipment from Wisconsin to Fort Riley, Kansas, and for additional labor from Wisconsin. Prior to the alleged breach, the plaintiffs advanced payment of approximately $875,000 to the defendants. Throughout the period in which the defendants worked on the housing units, the parties made numerous telephone contacts regarding the progress of the work. The plaintiffs contend that these facts give the court personal jurisdiction over the defendants under §§ 801.05(4), (5), (b), (c), (d) and (1)(d), Wis.Stats. (1976).

■ Section 801.05(4) provides in pertinent part that the court has jurisdiction—

"In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant * * *."

The plaintiffs' action is for breach of contract. Section 801.05(4) applies only to tortious injuries. *Nagel v. Crain Cutter Co.*, 50 Wis.2d 638, 642, 184 N.W.2d 876, 878 (1971).

■ Section 801.05(5)(d) provides for jurisdiction in any action which—

"Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction * * *."

This section is also inapplicable to the instant action for it requires shipment from the state to the defendant. The only shipments of goods alleged to have originated in Wisconsin are those made after the defendants had terminated their performance under the subcontract, and these shipments are not alleged to have been made to the defendants. As to payments made by the plaintiffs to the defendants, they do not establish personal jurisdiction under this section because they are not "other things of value" within the meaning of the section. *Nagel v. Crain Cutter Co.*, supra.

The court also lacks personal jurisdiction over the defendants under § 801.05(5)(b) which provides for jurisdiction in an action which—

"Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant * * *."

The plaintiffs contend that the court has personal jurisdiction over the defendants under § 801.05(5)(b) because the subcontract authorized the plaintiffs to perform services for the defendants in Wisconsin after the subcontract was terminated.

■ The Court does not accept the plaintiffs' contention. The subcontract was for the performance of carpentry services by the defendants in Fort Riley, Kansas. Any arrangements made by the plaintiffs after termination of the contract are necessarily unilateral in character, and such unilateral actions are insufficient to establish personal jurisdiction. See *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Also, the specific subcontract provision relied upon by the plaintiffs does not authorize the plaintiffs to perform services for the defendants in Wisconsin; rather, it permits the plaintiffs "to take the prosecution of the work out of the hands of the Subcontractor and complete it with its own forces." (Subcontract, Section 18 A) To construe such a provision as an authorization by the defendants to the plaintiffs to perform services on behalf of the defendants would ignore the plain language and

intent of Section 18 A; that is, that the plaintiffs have the right, after terminating the defendants, to obtain a replacement that will satisfactorily perform for the plaintiffs the services originally to have been performed by the defendants.

The plaintiffs' contention that the Court has personal jurisdiction over the defendants under § 801.05(1)(d) raises a closer question. However, the Court is convinced that the question must be resolved against the plaintiff.

■ Although the plaintiffs set forth numerous jurisdictional facts in the Young affidavit, only those facts relating to the preliminary subcontract negotiations and the contractual payments made to the defendants can be considered by the Court in determining whether the defendants have subjected themselves to personal jurisdiction under § 801.05(1)(d) by engaging in "substantial and not isolated activities within this state * * *." This requirement has been interpreted by the Wisconsin court as the equivalent of "doing business." *Travelers Insurance Co. v. McArthur*, 25 Wis.2d 197, 130 N.W.2d 852 (1964). The actions taken by the plaintiffs to provide for postbreach labor, materials, and equipment are unilateral actions that cannot establish jurisdiction under *Hanson*, supra. The contractual provisions regarding venue and choice of law are irrelevant in determining business activities. The issue thus becomes whether telephone conversations and personal meetings in Wisconsin between the parties, coupled with the signing, in Wisconsin, of a precontract "Memorandum of Understanding" and contractual payments totaling $875,000 constitute "doing business" in Wisconsin for purposes of § 801.05(1)(d).

■ In order to have done business in Wisconsin, the defendants must have engaged in substantial activities which are "continuous and systematic." *Travelers Insurance Co. v. McArthur*, supra. Payments for services rendered outside Wisconsin and the holding of preliminary contract negotiations in Wisconsin do not constitute "continuous and systematic" activities in Wisconsin. See *Nagel v. Crain Cutter Co.*, supra, and *Uni-Pak v. Formex Corporation*, 300 F.Supp. 527 (E.D.Wis.1969). The affidavit of the defendant Tom L. Bishop establishes that preliminary contract negotiations were conducted in Utah as well as in Wisconsin; that the final signing of the subcontract was in Kansas City, Missouri; and that he has no office, phone, or agents in Wisconsin and has never performed any work in Wisconsin. The only contact that the defendants have had with Wisconsin in connection with this subcontract is a trip in April of 1975, at which time some additional preliminary negotiations were conducted and a precontract "Memorandum of Understanding" was signed. To hold that this isolated meeting with the plaintiffs constitutes "continuous and systematic" activity within the meaning of § 801.05(1)(d) would be tantamount to holding that any time an out-of-state entity enters into a contract with a Wisconsin corporation, that entity is subject to the personal jurisdiction of a Wisconsin court. Such is clearly not the meaning of the statute.

For the foregoing reasons,

IT IS ORDERED that the motion of the defendants Bishop Enterprises Inc. and Tom L. Bishop to dismiss the action for lack of personal jurisdiction is granted.