**MILLER BREWING COMPANY, a Wisconsin Corporation, and Blount Brothers Corporation, a Foreign Corporation, Plaintiffs,**

v.

**ACME PROCESS EQUIPMENT CO., a Foreign Corporation, and Safeco Insurance Company of America, a Foreign Corporation, Defendants (two cases).**

**MILLER BREWING COMPANY, a Wisconsin Corporation, and Gilbane Building Company, a Foreign Corporation, Plaintiffs,**

v.

**ACME PROCESS EQUIPMENT CO., a Foreign Corporation, and Safeco Insurance Company of America, a Foreign Corporation, Defendants (two cases).**

Nos. 75–C–589, 75–C–592, 75–C–588 and 75–C–591.

United States District Court, E. D. Wisconsin.

Oct. 20, 1977.

Kluwin, Dunphy, Hankin & McNulty by Bernard Hankin, Milwaukee, Wis., for Safeco.

Frisch, Dudek & Slattery by Thomas J. Arenz, Milwaukee, Wis., for Acme.

## DECISION and ORDER
## INTRODUCTION

MYRON L. GORDON, District Judge.

The defendant Acme Process Equipment Company has filed a motion to dismiss this action for lack of personal jurisdiction, for lack of venue, and for failure to state a claim on which relief can be granted. Acme has also moved to dismiss the cross-claim filed by the defendant Safeco Insurance Company for lack of personal jurisdiction.

Acme has withdrawn its motion with respect to venue, and the parties have not filed submissions on Acme's contention that the complaint fails to state a claim on which relief can be granted. Accordingly, I will not address these bases for Acme's motion. In this decision, I will resolve the claim that this court lacks personal jurisdiction over Acme. Because I believe that the court may exercise personal jurisdiction over Acme, the motion to dismiss on that ground will be denied.

These are actions for declaratory relief relating to the alleged breach of three contracts involving the manufacture and installation of certain brewery equipment. It appears from the records before me that the plaintiff, a Wisconsin corporation with its principal offices in Milwaukee, is engaged in the business of brewing and selling beer. The defendant Acme is a Pennsylvania corporation engaged in the business of manufacturing and installing large-scale equipment. The plaintiffs Gilbane and Blount are both corporations engaged in the business of construction general contracting with their principal offices in Rhode Island and Alabama, respectively. The defendant Safeco is a bonding corporation with principal offices in Washington.

Quarles & Brady by L. C. Hammond and Ross R. Kinney, Milwaukee, Wis., for plaintiffs.

During 1974, Miller and Acme entered into three contracts for the manufacture and installation of brewery equipment. Two of these contracts are the subject of the Miller-Gilbane consolidated actions, cases 75–C–588 and 75–C–591. In the first of those two contracts, Acme agreed to manufacture and install a brewing line in a Miller brewery in Fulton, New York, at an initial contract price of $1,278,000. In the second contract, Acme agreed to manufacture and install twenty fermenting tanks, initially at a cost of $1,670,000, in the New York brewery. Miller later exercised the option contained in the second contract to have twenty more tanks made and installed, at an original additional cost of $1,670,000.

Gilbane was the construction general contractor for the two New York contracts. During 1974, Miller assigned those contracts to Gilbane.

The Miller-Blount consolidated actions, cases 75–C–589 and 75–C–592, relate to a third contract in which Acme agreed to manufacture a brewing line for Miller for the latter's Fort Worth, Texas, brewery at an original cost of $1,397,460. Blount was the construction general contractor for this contract, and in 1974 Miller assigned the contract to Blount.

Safeco entered into a bonding contract with Acme as to the three contracts. Safeco has filed a cross-claim in both actions, seeking indemnity from Acme for any losses and expenses Safeco incurs in these actions.

Miller's complaints seek to have this court determine, inter alia, whether it violated the contracts, whether Acme violated the contracts, whether Safeco is liable for damages sustained by Miller, Blount, and Gilbane in relation to these contracts, and, if Acme violated the contracts, whether Safeco must undertake their performance.

## MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Acme and Miller have submitted extensive affidavits and memoranda on the issue of personal jurisdiction. In addition, in resolving the motions, I have considered other pertinent evidentiary materials previously filed in these cases.

The controversy here is whether this court may exercise personal jurisdiction over Acme under two provisions of the Wisconsin long-arm statute, namely Wis.Stats. § 801.05(1)(d) [formerly § 262.05(1)(d)] and § 801.05(5)(d) [formerly § 262.05(5)(d)], and whether the assertion of such jurisdiction violates due process under the Constitution. On the basis of all of the submissions, I find that personal jurisdiction may be exercised pursuant to the provisions of Wis.Stat. § 801.05(1)(d) and that such exercise does not offend due process. Accordingly, it is not necessary for me to decide whether personal jurisdiction may be asserted over Acme pursuant to Wis.Stat. § 801.05(5)(d).

Wis.Stat. § 801.05(1)(d) provides as follows:

"Personal jurisdiction, grounds for generally. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

"(1) Local Presence or Status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

.    .    .    .    .

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

Acme contends that it was not engaged in "substantial and not isolated activities within this state" when "the action [was] commenced" within the meaning of the statute. Acme also emphasizes that its physical plant and directors are all located in Pennsylvania and that the contracts involved in these actions were negotiated or performed in the states of Pennsylvania, Texas, New York, and Missouri (the location of a firm of consulting engineers involved in the contracts but not a party to this action), in addition to Wisconsin. Miller points to what it characterizes as Acme's

extensive activities within this state before, during, and after the commencement of these actions, in support of its position that personal jurisdiction may be asserted under § 801.05(1)(d).

There are certain disputed factual issues raised by the affidavits submitted on this motion. For instance, Miller claims, and Acme denies, that Acme has had business dealings in Wisconsin unrelated to this action. In my opinion, it is unnecessary to resolve these disputed issues because there are other contacts between Acme and this state which are not disputed and which in and of themselves form a sufficient statutory and constitutional basis for the exercise of personal jurisdiction over Acme. These latter contacts are the extensive interstate dealings between Miller and Acme in the negotiation and performance of the contracts, the occasional Milwaukee meetings between representatives of Miller and Acme, and, of lesser importance, Acme's listings in certain publications which are distributed interstate.

The evidentiary materials disclose that Miller and Acme engaged in extensive interstate communication by telephone and correspondence in connection with the negotiation and performance of these contracts. The communications spanned a period between late 1973 and late 1975 and were initiated variously by representatives of either Miller or Acme. It appears that discussions about the negotiation and performance of all three contracts were in progress during this two-year period. Acme objects to my consideration of affidavits purporting to summarize the subject matter of these communications because the affiants were not parties to them. However, Acme does not contend that the telephone calls and other communications did not take place or that they did not relate to the contracts involved in these lawsuits. Therefore, I believe that these interstate communications may properly be considered in deciding whether Acme's contacts with this state were substantial within the meaning of the Wisconsin statute. See *National Gas Appliance Corporation v. AB Electrolux*, 270 F.2d 472 (7th Cir. 1959).

Acme officials also traveled to Milwaukee on several occasions during the two-year period to meet with Miller officials. Acme apparently does not deny that these meetings concerned the contracts involved in this action. Rather it claims that these meetings did not further the negotiation or performance of the contracts. According to Acme, its representatives agreed to travel to Milwaukee solely at the whim and behest of Miller, the dominant party to the contracts in terms of size and influence.

I cannot say on the present record that the Milwaukee meetings had no purpose in the furtherance of the contracts or that they amounted only to a repetition of matters dealt with by written or telephone communication. I believe that the presence of Acme personnel in Milwaukee on matters relating to the contracts involved in this action tends to support a determination that personal jurisdiction may be asserted over Acme.

Acme does not deny that listings in its name may be found in a number of publications distributed interstate, including Brewers Digest, the Thomas Register, and Modern Brewery. However, Acme contends that since the listings were offered free of charge, its role in securing the listings was "entirely passive" and "in the nature of an accommodation to the publishers." I am not impressed with this argument. Acme acknowledges that it had to act affirmatively to obtain certain listings by returning publishers' correspondence soliciting permission to list its name. Moreover, Acme could have requested that its name be deleted from these publications. In my opinion, Acme's listing in these commercial publications is properly a factor, even though a minor one, to be considered in determining the sufficiency of its contacts with this state for purposes of personal jurisdiction.

I must now decide whether the above-mentioned connections between Acme and this state meet the requirements that there be "substantial and not isolated activities" by Acme in Wisconsin "when the action [was] commenced." Wis.Stat. § 801.-

05(1)(d). Acme asserts that it was not engaged in any activities in this state on the dates these actions were commenced. Acme thereby suggests a restricted reading of the statutory phrase "when the action [was] commenced."

In *Modern Cycle Sales v. Burkhardt-Larsen,* 395 F.Supp. 587, 591 (E.D.Wis.1975), Judge Reynolds ruled:

"In order to determine whether a particular nonresident defendant is 'doing business' within this state, which requires a finding that defendant's activities are 'continuous and systematic' rather than 'isolated,' the court must consider defendant's overall activities within the state, past and present. Without reference to prior activities, the court would be unable to determine whether any contact with the state was 'isolated' or 'continuous.'"

See also *Travelers Insurance v. George McArthur & Sons,* 25 Wis.2d 197, 203, 130 N.W.2d 852 (1964). My ruling in *Uni-Pak v. Formex Corp.,* 300 F.Supp. 527, 528 (E.D. Wis.1969), is not to the contrary. In that case, only the "preliminary negotiations" between the parties took place in Wisconsin. Thereafter, there was no connection between the parties, the transaction, and this state. Here, the parties' interstate dealings and occasional meetings in Milwaukee continued up to and after the action was commenced. In contrast to *Uni-Pak,* they were not remote in time to the filing of the action.

I believe that Acme's activities in this state, already described, were "substantial and not isolated" at the time "the action [was] commenced," whether the latter phrase is construed as in *Travelers Insurance,* supra, or as in *U–Profit v. Bromley Ltd.,* 54 F.R.D. 60 (E.D.Wis.1971). In reaching this conclusion, I have considered and rejected Acme's contention that most of the relevant business dealings occurred in states other than Wisconsin. While the actual contract performance on Acme's part—the manufacture and installation of brewery equipment—may have taken place in Pennsylvania, New York, and Texas, the performance of the multi-million dollar contracts occurred as a result of, and in accordance with, communications between Miller and Acme which were closely connected with Wisconsin. Moreover, even if I were to ignore, as Acme claims I must, the Milwaukee meeting which took place after the actions were commenced, I would nonetheless conclude that Acme's Wisconsin contacts satisfy the requirements of Wis.Stat. § 801.05(1)(d).

The Wisconsin supreme court has applied a five-part analysis in determining whether a defendant's activities in Wisconsin merit the exercise of personal jurisdiction under the statute here involved. *Zerbel v. H. L. Federman & Co.,* 48 Wis.2d 54, 65, 179 N.W.2d 872 (1970); *Nagel v. Crain Cutter Co.,* 50 Wis.2d 638, 648–50, 184 N.W.2d 876 (1971); *Hasley v. Black & Bryson, Inc.,* 70 Wis.2d 562, 585–88, 235 N.W.2d 446 (1975). Applying this test, I still conclude that Acme is subject to this court's jurisdiction. Even though the quantity of its contacts may be confined to the three contracts with Miller, those contracts amounted to a $6,000,000 transaction. The nature and quality of Acme's contacts, as I have already noted, are extensive. The cause of action in these cases arises out of Acme's contacts with this state. The other two factors, namely Wisconsin's interest in this action and convenience, are less significant. *Zerbel v. H. L. Federman & Co.,* supra, 48 Wis.2d at 65, 179 N.W.2d 872. On this basis as well, therefore, I conclude that personal jurisdiction may appropriately be exercised as to Acme under Wis.Stat. § 801.05(1)(d).

Having found a basis for the exercise of personal jurisdiction under Wisconsin law, I must determine whether an assertion of jurisdiction contravenes due process. *Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d Cir. 1963); *Branch Cheese Co. v. Philip Olender & Co.,* 413 F.Supp. 109, 110 (E.D.Wis.1976).

In *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), the Supreme Court held that ". . . due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present

within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278."

The principles set forth in *International Shoe* were recently reaffirmed and also extended to situations not here present. *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

The "quality and nature" of Acme's activity in Wisconsin is relevant to a consideration of whether the exercise of personal jurisdiction contravenes principles of fair play and substantial justice. *International Shoe*, supra at 319, 66 S.Ct. 154. As I have already determined, Acme's activities in this state were significant. The cause of action presented in the complaints also arose out of those contacts. Moreover, Acme's Wisconsin dealings with Miller over a two-year period on these multi-million dollar contracts constitutes a purposeful availing by Acme of "the privilege of conducting activities" within Wisconsin. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The exercise of personal jurisdiction over Acme is therefore consistent with the notions of fair play and substantial justice which are the key to due process considerations.

Therefore, IT IS ORDERED that the motion of the defendant Acme Process Equipment Company to dismiss this action as to it for lack of personal jurisdiction be and hereby is denied.

IT IS ALSO ORDERED that the motion of the defendant Acme Process Equipment Company to dismiss the cross-claim in this action for lack of personal jurisdiction be and hereby is denied.