**JADAIR, INCORPORATED, Plaintiff,**

v.

**VAN LOTT, INCORPORATED, Defendant.**

**Civ. A. No. 80–C–447.**

United States District Court,
E. D. Wisconsin.

April 28, 1981.

Ross R. Kinney and Victoria J. Schroeder, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Robert C. Burrell, Borgelt, Powell, Peterson & Frauen, S. C., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for declaratory relief and damages arising out of the alleged breach by the defendant Van Lott, Incorporated ("Van Lott") of a distributorship contract with the plaintiff Jadair, Incorporated ("Jadair"). Van Lott has counterclaimed for damages and injunctive relief alleging wrongful termination by Jadair of the distributorship contract under Ch. 135, Wis. Stats.

Presently pending before the court is Van Lott's motion to dismiss the complaint for lack of personal jurisdiction or, in the alternative, for transfer of the action to the United States District Court for South Carolina. For the following reasons the motion will be denied.

*Personal Jurisdiction*

■ Section 801.05(1)(d), Wis.Stats., provides for the exercise of personal jurisdiction over a defendant who, at the time the action is commenced—

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

In applying this subsection a court looks to the defendant's general contacts with the forum state and not merely to its contacts arising out of the specific transaction at issue. *Nagel v. Crain Cutter Company*, 50 Wis.2d 638, 184 N.W.2d 876 (1971).

The relevant facts are not in dispute and are substantiated in the affidavits of Marie L. Hohl, filed February 17, 1981; defendant's response to plaintiff's first request for the production of documents, filed February 17, 1981; and defendant's sworn answers to plaintiff's interrogatories, filed September 24, 1980.

Jadair is a Wisconsin corporation engaged in the manufacture of heavy machinery, and Van Lott is a South Carolina corporation engaged in the distribution and servicing of heavy machinery. Its sales activity is restricted to South Carolina with an occasional sale in a neighboring state, and it does not solicit business or maintain an office in Wisconsin. During 1974–1980, Van Lott entered into contracts with Jadair for the exclusive distributorship of Jadair products in South Carolina. The 1979 contract, under which this action arises, provides that the contract is governed by the law of Wisconsin. From 1970 through the present, Van Lott has also acted as a distributor for Bucyrus-Erie Corporation, and from 1978 through the present has acted as a distributor for Rexnord, Inc. Pursuant to its distributorship agreements, Van Lott has purchased a total of six units and parts having a total value of $275,000 from Jadair; fifty-four units and parts having a total value of $730,000 from Rexnord; and three cranes having a total value of $180,000 from Bucyrus-Erie. The machines were all shipped from Wisconsin to the defendant in South Carolina. There has also been a volume of correspondence between Van Lott and the three manufacturers relative to the distributorship agreements and the specific sales.

On one occasion in 1978 and three in 1980, representatives of Van Lott participated in conferences or training seminars at either the Rexnord or Bucyrus-Erie facilities in Wisconsin, but Van Lott representatives have never traveled to Wisconsin specifically in relation to the Jadair agreements. The relationship between Jadair and Van Lott was initiated by Jadair and personal contact between the parties has occurred only in South Carolina.

In *Voorlas Manufacturing Co., Inc. v. Mars Signal Light Co., Inc.*, 481 F.Supp. 828 (E.D.Wis.1979), the court held that the entry by a defendant into a significant number of contracts with Wisconsin corporations, out of one of which the cause of action arose, constituted "substantial and not isolated activities within this state" for purposes of § 801.05(1)(d). The defendant in *Voorlas* had also engaged in solicitation activities in Wisconsin, but since those activities do not appear to have been related to the contract at issue, and in view of the duration of Van Lott's contracts with Wisconsin corporations and the approximately sixty purchases which it made from those corporations, I do not regard the absence of in-state solicitation activities by Van Lott as a significant distinction. See also *Miller Brewing Company v. Acme Process Equipment Co.*, 441 F.Supp. 520 (E.D.Wis.1977); *Watral v. Murphy Diesel Company*, 358 F.Supp. 968 (E.D.Wis.1973), on which the defendant relies, is distinguishable. Defendant's only established contact with Wisconsin in that case was that it ordered a vessel from the Wisconsin plaintiff for sale to a New York resident. The court refused to infer that defendant had significant contacts with Wisconsin from the isolated fact that defendant was a distributor for the plaintiff. Van Lott's contacts, in contrast, are documented in the record and they are substantial and not isolated.

■ Because I find statutory jurisdiction under § 801.05(1)(d), Wis.Stats., I need not consider the applicability of § 801.05(5)(b) and (d). The finding of statutory jurisdiction does not end the inquiry, however, since the due process requirements must also be satisfied. *Clement v. United Cerebral Palsy of Southeastern Wisconsin, Inc.*, 87 Wis.2d 327, 334, 274 N.W.2d 688 (1979).

■ Due process requires that the defendant purposefully avail itself of the privilege of conducting activities within the forum state and have sufficient minimum contacts with the forum state such that the exercise of jurisdiction over it does not offend traditional notions of fair play. *International Shoe Co. v. Washington*, 326 U.S.

310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *Wisconsin Electrical Manufacturing Co., Inc. v. Pennant Products, Inc.*, 619 F.2d 676 (7th Cir. 1980); *Harley-Davidson Motor Co. v. Strada*, 78 F.R.D. 521 (E.D.Wis.1978). Considering the nature of defendant's contracts with Wisconsin corporations, the volume and amount of its purchase transactions, its consent at least with respect to Jadair and Bucyrus-Erie that its contracts be governed by Wisconsin law (the Rexnord-Van Lott contract is not in the record), and the fact that this cause of action arose out of one of Van Lott's contacts with Wisconsin, the due process requirements are satisfied in this case. See also *Zerbel v. H. L. Federman & Company*, 48 Wis.2d 54, 179 N.W.2d 872 (1970), in which the due process analysis adopted by the Wisconsin Supreme Court is set forth.

*Transfer to South Carolina*

The 1979 distributorship contract between Jadair and Van Lott, which is the contract at issue in this case, contains a provision prohibiting Van Lott from selling or promoting products directly competitive to Jadair's without Jadair's prior written approval. The complaint alleges that early in 1980 Van Lott sold a directly competitive Rexnord wash-out unit to a customer in South Carolina without Jadair's prior written approval. Jadair then terminated the distributorship contract. Van Lott admits the sale but contends that Jadair had previously waived the relevant provision. Van Lott has also counterclaimed alleging wrongful termination of the contract by Jadair under Ch. 135, Wis.Stats., which is the Wisconsin Fair Dealership Law.

■ Section 1404(a) of Title 28 U.S.C. provides that a change of venue may be granted "[f]or the convenience of parties and witnesses, in the interest of justice." The burden of establishing that the factors are met rests on the movant, and since plaintiff's choice of forum is entitled to great consideration, the balance must weigh heavily in favor of transfer. *Voorlas Man-*

ufacturing Co., Inc. v. Mars Signal Light Co., Inc., supra, at 830–831.

Van Lott contends that it does business only in South Carolina, that its documents are all located there, and that the inconvenience and expense to its witnesses of traveling to Wisconsin will be substantial. Jadair can, however, make the same arguments in its own behalf with respect to the inconvenience of a South Carolina forum. See, e. g., *Voorlas Manufacturing Co., Inc. v. Mars Signal Light Co., Inc.*, supra; *Werner Machinery Company v. National Cooperatives, Inc.*, 289 F.Supp. 962 (E.D.Wis.1968). More to the point, Van Lott contends that it will call at trial a significant number of witnesses who reside in South Carolina and are not agents or employees of Van Lott and are not subject to the subpoena power of this court. Those witnesses include the purchaser of the competitive South Carolina unit, four other customers of Van Lott who would testify about Van Lott's solicitation efforts on behalf of Jadair, and one Alabama and one Georgia distributor who would testify in regard to the waiver issue about their dual representation of Jadair and Rexnord. (Affidavits of S. Gerald Harmon and Lewis C. Crouch, filed March 5, 1981.)

The latter two witnesses are also not subject to the subpoena power of the South Carolina district court. Rule 45(e)(1) of the Federal Rules of Civil Procedure. The cost of transporting them to Milwaukee as opposed to South Carolina would be higher but not sufficiently so as to merit a transfer of the case. Van Lott is a corporation with almost one hundred employees and with multimillion dollar sales (answer to plaintiff's first set of interrogatories, no. 10), and the expense of transporting witnesses, whether employees or nonaffiliated persons, is therefore not a major consideration.

As for the customer witnesses, Jadair's contention is that the single sale of the Rexnord unit was a breach of the distributorship agreement which justified cancellation of the agreement. Jadair represents that it is not contesting that Van Lott made good faith efforts to promote and sell Jadair products, but rather is contending that the sale of the competitive unit without prior written approval, regardless of the reason for the sale, was a breach entitling Jadair to cancellation and an accounting for damages. Thus, it seems that the testimony of other customers of Van Lott will be of marginal relevance at best and should not be a significant factor in deciding whether or not to grant a change of venue. A plaintiff by its choice of forum should not be permitted to force its opponent to try a case by deposition, but on the other hand, in considering the factor of witnesses not subject to the court's subpoena power, the court must evaluate which of the witnesses will have material and significant testimony and not merely how many witnesses defendant states it intends to call. *Helfant v. Louisiana & Southern Life Insurance Company*, 82 F.R.D. 53, 58–59 (E.D.N.Y.1979); *Wright v. American Flyers Airline Corporation*, 263 F.Supp. 865 (D.S.C.1967).

The applicability of Wisconsin law to the case also favors the retention of the case in this forum. 1 Moore's Federal Practice ¶ 0.145[5] at 1628–1629 (2d ed. 1980); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Flintkote Company v. Allis-Chalmers Corporation*, 73 F.R.D. 463, 466 (S.D.N.Y.1977). The case is set for trial in October 1981 with a first place date in January 1982, and, therefore, congestion of the court calendar is not a major concern, 1 Moore's, supra, ¶ 0.145[5] at 1627, and the South Carolina action commenced by Van Lott against Jadair arising out of the same set of circumstances has been dismissed by the South Carolina court and the claim raised here as a counterclaim, so that duplication of court effort is also not a consideration. 1 Moore's, supra, ¶ 0.145[5] at 1624 n. 15.

In sum, while certain of the considerations raised by the defendant would support a transfer to South Carolina, they are not sufficient to counterbalance the plaintiff's interest in having the case tried in the forum of its choice, which is also the forum most convenient to it and to its witnesses.

For the foregoing reasons,

IT IS ORDERED that the defendant's motion to dismiss or, in the alternative, to transfer this action is denied.